Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Avenue, Suite D
Montrose, Ca. 91020

TEL. [818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiffs Kori and Jereme Kramer

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI and JEREME KRAMER, Individuals;<br><br>          Plaintiffs,<br><br>          vs.<br><br>MICROBILT CORPORATION, a business entity; EQUIFAX INFORMATION SERVICES, LLC, is a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS, INC. is a business entity, and DOES 1-10, Inclusive,<br><br>          Defendants. | Case No.: 5:19-cv-1021<br><br>COMPLAINT FOR DAMAGES:<br><br>1. VIOLATION OF THE FAIR CREDIT REPORTING ACT.<br>2. INVASION OF PRIVACY.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiffs allege:

1. Plaintiffs KORI and JEREME KRAMER ("Plaintiffs") are residents of the County of Riverside, State of California.

2. Defendants, EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN"), EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"),

are business entities, forms unknown, doing business in the State of California as credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants".

3. Defendant MICROBILT CORPORATION ("MICROBILT") assembles and disseminates credit information for profit and claims to be FCRA compliant.

4. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of <u>Section 474 of the California Code of Civil Procedure.</u>  Plaintiffs are informed and believe and on that basis allege that Defendants Does 1 through 1-10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiffs, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the alleged actions and failed to redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.  Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiffs are informed and believe, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiffs  for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiffs allege that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are in California Civil Code Section 3294(b), by each and every other Defendant herein used, whether named or fictitiously named.

///
///
///
///

# FIRST CAUSE OF ACTION

## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST MICROBILT, EXPERIAN, EQUIFAX AND DOES 1-10, INCLUSIVE]

6.  Plaintiffs re-allege and incorporate all preceding paragraphs as though set forth in full in this cause of action.

7.  Plaintiffs are consumers as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  EXPERIAN, EQUIFAX and MICROBILT are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about early November 2018, during the process of purchasing a home, Plaintiffs discovered that MICROBILT had placed several unauthorized hard inquiries on their credit reports, which lowered their credit score several points and critically hurt their chances of purchasing their first home.

9. On or about November 9, 2018, Plaintiff Kori Kramer received her EQUIFAX credit report. This report had five (5) inquiries from MICROBILT on December 2, 2017, January 3, 2018, February 14, 2018, April 13, 2018 and May 14, 2018.

10. When Plaintiffs contacted MICROBILT to see why they ran so many hard inquiries, the MICROBILT representative advised Plaintiff that the inquiries were initiated by their client, Titanium LLC, admitting they were run but the representative did not know why they ran so many inquiries.

11. On or about November 2018, Plaintiffs contacted Titanium LLCAlarm company multiple times to see why they initiated the excessive inquiries, to which Titanium had no explanation. Titanium stated that it should have only been run once when Plaintiffs initially signed up for services. However, Plaintiffs were not advised at the time of signing up for Titanium  services that their credit would be

accessed. Plaintiffs never provided their social security numbers, so they were quite surprised MICROBILT and Titanium were able to gain access to their credit reports.

12. On or about March 22, 2019, Plaintiffs contacted MICROBILT to discuss removing the unnecessary hard inquiries from their credit profiles. After speaking with a supervisor, again they did not have an explanation and advised Plaintiffs to send a letter requesting the removal of the excessive hard inquiries, which Plaintiffs provided. To date, Plaintiffs have not received any response or follow up letter for the removals.

13. On or about March 25, 2019, Plaintiff Kori Kramer completed a MICROBILT Consumer Dispute Form stating that there were multiple hard inquiries on her EQUIFAX credit report on September 26, 2017, December 2, 2017, January 3, 2018, February 14, 2018, April 13, 2018, and May 14, 2018.

14. On or about March 25, 2019, Plaintiffs separately disputed on-line with EXPERIAN and EQUIFAX.

15. On or about March 26, 2019, Plaintiff Jeremy Kramer received a response from EQUIFAX with their investigation results. The results were that "Inquiries are a factual record of file access and would remain unchanged. For additional information, Plaintiff was advised to contact MICROBILT." But they were invalid access and MICROBILT had no permissible purpose to the access of Plaintiffs' credit profiles.

16. On or about March 26, 2019, EQUIFAX credit report and confirmation # 9084064052 provided Plaintiff Kori Kramer with results of their investigation regarding the MICROBILT inquiries. "Inquiries are a factual record of file access and would remain unchanged. For additional information, Plaintiff was advised to contact MICROBILT."

17. On or about March 26, 2019, EXPERIAN credit report and

Confirmation #9084057282 provided Plaintiff Jereme Kramer with results of their investigation regarding the MICROBILT inquiries dispute. "The results were that inquiries are a factual record of file access and would remain unchanged. For additional information, Plaintiff was advised to contact MICROBILT."

18. On or about March 26, 2019 Plaintiff Jereme Kramer completed a MICROBILT Consumer Dispute Form stating there were multiple hard inquiries on his credit report and requested that they be removed as soon as possible.

19. On or about April 15, 2019, MICROBILT sent Plaintiff Kori Kramer correspondence acknowledging that they received her dispute dated March 25, 2019 and were providing their investigation results. The letter stated that Plaintiff's file had been accessed by MICROBILT'S customer, Titanium LLC, not by MICROBILT.

20. On or about May 10, 2019, EXPERIAN Confirmation #0356-9189-78 provided Jereme Kramer with a credit report with four (4) hard inquiries from MICROBILT for dates: December 2, 2018, January 3, 2018, February 14, 2018, and May 14, 2018.

21. On or about May 10, 2019, EQUIFAX Confirmation #9630107640 provided Jereme Kramer with a credit report with three (3) hard inquiries from MICROBILT for dates: November 14, 2017, December 2, 2018 and May 14, 2018.

22. On or about May 14, 2019, Since Plaintiff Kori Kramer had not received a reply to her on-line dispute from Experian, she decided to call and speak to someone at Experian. Plaintiff Kori Kramer spoke to George from Experian who explained that EXPERIAN would not remove the inquiries without direction of an Experian Executive with either MICROBILT or Titanium. Plaintiff Kori Kramer, advised George that she had in her possession a letter from Titanium stating that the inquiries were run erroneously, but George said that was no sufficient, it had to

come directly to them from the company that ran the inquiry, but he could not tell if that would be MICROBILT or Titanium.

23. Defendant MICROBILT pulled Plaintiffs' credit report without the equired authorizations four (4) to six (6) times. This should be considered unauthorized and a severely excessive conduct.   Defendants EXPERIAN and EQUIFAX published Plaintiffs credit report to third parties without reasonable procedures to assure maximum possible accuracy.

24. Defendant MICROBILT'S conduct willfully, through the use of false pretenses, pulled Plaintiffs' credit report without any permissible purpose in violation of the Fair Credit Reporting Act, Sections 1681b and 1681q, on approximately 5 times.

25. Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act, by willfully and negligently failing, in the preparation of the consumer report concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

26.  As a proximate result of the actions of the Defendants, and each of them, Plaintiffs have been damaged in an amount which will be proven at time of trial.  As provided under the cited law, Plaintiffs is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

27. Plaintiffs allege that defendants, and each of them, have willfully violated FCRA with respect to Plaintiffs and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of impermissible pulls, which lowers consumer creditworthiness. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the information is inaccurate and causes them to pay

higher interest or be denied credit at favorable rates. These defendants know that their systems intimidate consumers so they'll pay higher interest rates even if not warranted.  These facts were not disclosed to the Plaintiffs and are not disclosed to the borrowing public at large.

28. As alleged in the previous cause of action, Defendants' conduct was fraudulent, malicious, oppressive and willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n) and §1681(o).

29. Plaintiffs are entitled to recover costs and attorney fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n) and §1681(o).

***Spokeo Concreteness Allegations:*** the sanctity and privacy of consumer credit reports is specifically protected by the Fair Credit Reporting Act, and violations of the cited sections have been identified by Congress and by the courts as concrete injuries.  Further, defendants' conduct has caused Plaintiffs emotional distress, humiliation and embarrassment, and apprehension that their most private financial information is repeatedly being accessed.  Finally, "hard inquiries" routinely depress credit scores from 5 to 50 points, depending on the credit scoring model, thereby depressing Plaintiffs' ability to obtain credit and also making their credit score more vulnerable to future adverse credit events.

## SECOND CAUSE OF ACTION
## [INVASION OF PRIVACY AGAINST MICROBILT]

30. Plaintiffs re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

31. Defendants' intentional and deliberate conduct resulted in an unreasonable and unwarranted intrusion upon Plaintiffs' right to seclusion concerning his private and confidential credit report and matters contained therein

and thus constitutes an invasion of his privacy.

32. Defendants' conduct resulted in access to and publication of Plaintiffs' private information which was highly offensive to Plaintiffs, and the information accessed and published was not of legitimate concern to the defendants or to the persons to whom the information was published.

33. Defendants' conduct has caused Plaintiffs severe emotional distress, embarrassment, mental anguish and humiliation, as well as a depressed credit score.

34. Defendants' conduct was undertaken with fraud, oppression and/or malice towards Plaintiffs. Specifically, defendants, and each of them, obtained Plaintiffs's private information, including his social security number, under false pretenses, and pulled Plaintiffs' credit reports without their permission or consent on approximately 4 times by EXPERIAN and 3 times by EQUIFAX for Plaintiff Jereme Kramer and 5 times by EQUIFAX and 3 times by EXPERIAN for Plaintiff Kori Kramer. In addition to general and special damages according to proof, Plaintiffs seek punitive damages against defendants MICROBILT and DOES 1-10, Inclusive.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For general and special damages according to proof at trial;

2. For punitive damages;

3. For statutory penalties against defendants for each separate violation of the Fair Debt Collection Practices Act;

4. For attorney's fees;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

///

Dated: June 4, 2019        LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By: /s/ Robert F. Brennan
Robert F. Brennan
Attorney for Plaintiffs

COMPLAINT